UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gerald K. Lord,

    Plaintiff,

v.                                                  Case No. 12-15059

Eric H. Holder, Jr., Attorney General,       Honorable Sean F. Cox
U.S. Department of Justice,

    Defendant.
_____/

## OPINION & ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

        Plaintiff Gerald K. Lord ("Plaintiff"), who is employed by the United States Drug Enforcement Administration ("DEA"), filed this employment discrimination action against Defendant Eric H. Holder, Jr., Attorney General, U.S. Department of Justice ("Defendant") on November 15, 2012. The matter is currently before the Court on Defendant's Motion to Dismiss, which the parties have since agreed should be treated as a motion for summary judgment. The motion asserts that Plaintiff's Complaint must be dismissed because Plaintiff has failed to exhaust his administrative remedies. The parties fully briefed the issues and the Court heard oral argument on May 9, 2013.

        As explained more fully below, the Court shall GRANT the motion and dismiss this action. Plaintiff failed to exhaust his administrative remedies because he did not contact an equal employment opportunity ("EEO") counselor within the 45-day requirement. In addition, because the Agency did not decide the merits of Plaintiff's non-selection claim, Defendant did

1

not waive the untimeliness issue under existing Sixth Circuit precedent.

## BACKGROUND

Plaintiff filed this action against Defendant on November 15, 2012. His complaint asserts two counts: "(Violation of the Rehabilitation Act – Disability Discrimination)" (Count I); and "Discriminatory Retaliation for Participation in the EEO Complaint Process" (Count II).

**Plaintiff's Complaint**

Plaintiff's Complaint alleges that on or about March 11, 2001, Plaintiff was hired by the DEA as an Assistant Administrative Officer, Detroit Field Division, Drug Enforcement Division and his "current grade level is a GS-0341-12." (Compl. at ¶ 5).

Plaintiff alleges that he "has a spinal condition known as post-laminectomy syndrome" and that "he is now wheelchair bound." (Compl. at ¶ 11). Plaintiff alleges that while the agency has "made certain accommodations in the workplace to allow Plaintiff's use of his wheelchair," he "has had to endure many unpleasant experiences directed towards him as a result of his disability from fellow workers and management." (Compl. at ¶¶ 13 & 15-16).

Plaintiff alleges that "[p]rior to and on January 31, 2011, Plaintiff first participated in the EEO complaint process regarding this matter. Plaintiff initiated contact with an EEO counselor regarding this matter." (Compl. at ¶ 6). Plaintiff alleges that he "has complied with all Agency Administrative conditions, and all conditions precedent has [sic] been satisfied in order to initiate this action in District Court." (Compl. at ¶ 7).

Count I alleges that Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act. Plaintiff alleges that he suffered an adverse employment action based solely on the fact that he is an individual with a disability. (Compl. at ¶ 24). Plaintiff alleges that, "[i]n

2010," he "applied for a promotion to the position of administrative officer, GS–0341–14, advertised under vacancy announcement number VA–DEA–DT–10– 0781–MP, Detroit field division." (Compl. at ¶ 17 & 25). Plaintiff alleges that although he "was on the best qualified list," he was denied the promotion to this position "due to his status as a disabled person." (Compl. at ¶¶ 26-27). Plaintiff alleges that Lori Stadler was selected for the position although she "was not more qualified than the Plaintiff for this position." (Compl. at ¶¶ 28-29).

Count II alleges that Plaintiff "was denied the herein described promotion, particularly promotion to [sic] due to an unlawful, discriminatory consideration of Plaintiff's disability because of retaliatory measures taken against him by the [DEA] because of his participation in the EEO Complaint process." (Compl. at ¶ 32).

**Defendant's Motion Shall Be Treated As A Motion For Summary Judgment**

In lieu of an Answer, Defendant filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on February 28, 2013. (Docket Entry No. 5). That motion contends that Plaintiff's Complaint must be dismissed because Plaintiff failed to exhaust his administrative remedies.

In responding to the Motion to Dismiss, Plaintiff asserts that the Court should treat the motion as motion for summary judgment brought pursuant to Fed. R. Civ. P. 56(c). (*See* Pl.'s Br. at 9). The Defendant does not oppose the Court treating the motion as a motion for summary judgment. (*See* Def.'s Reply Br. at 1 n.1). Because the issue at hand is fact-intensive and both parties have presented matters outside of the pleadings (*see* Fed. R. Civ. P. 12(d)), the Court shall treat Defendant's motion as a motion for summary judgment.

**Evidence Submitted By The Parties**

On March 3, 2011, Plaintiff filed a formal EEOC Complaint of Discrimination. (Docket Entry No. 12-3 at Pg ID 127; *see also* Lord Decl. at ¶ 9). That Complaint, signed by Plaintiff, states that January 27, 2011, was the "date of first contact with EEO Office." Pamela Phoenix was the EEO Counselor who assisted Plaintiff. The Complaint alleges that Plaintiff was discriminated against based upon disability and states that the date on which the most recent alleged discrimination took place was February 22, 2011. (*Id.*).

In a letter dated January 3, 2012, the EEOC advised Plaintiff that his "complaint of discrimination against the Drug Enforcement Administration (DEA) has been dismissed in part (Part I) and accepted in part (Part II) for investigation." (Ex. A to Pl.'s Br. at 1). The letter stated that Plaintiff's EEOC Complaint alleged that he was discriminated against based on disability when he was subjected to continuous acts of a hostile work environment as evidenced by several incidents including:

   1)   On January 27, 2011, during a meeting, you were subjected to insulting comments that "you came into the area rocking back and forth and crashing into things like a mad man."

   2)   In early December 2010, you learned through a DEA broadcast announcement that you were not selected for the position of Administrative Officer, GS-0341-14, advertised under Vacancy Announcement Number F-DEA-DT-10-0781-MP.

   3)   On or about December 10, 13, 14, 2010, and February 22, 2011, you reported to Administrative Officer, Lori Stadler, and others that the handicap accessibility route was blocked by improperly parked vehicles and/or impassable due to the snow/ice not being removed.

   4)   On April 26, 2010, and previous occasions, your supervisor stated to you that you need to go out on disability retirement. On the same date, he also told you that because you were filing an EEO complaint, "you better have

      your [expletive] duckies in a row."

5)      On March 4, 2010, your supervisor placed on your computer a figurine of a man in a wheelchair and said to you, "how did you like the present I left you?"

6)      On April 13, 2010, a Special Agent deliberately "crushed down" on you while you were sitting in your wheelchair. This resulted in an injury joint disruption and soft tissue damage to you.

7)      On April 9, 2010, a Group Supervisor stated to you, "was the door removed because of you?"

8)      On an unspecified date, the Special Agent in Charge referred to you as "Motto Guzzi"

9)      On an unspecified date, your supervisor attempted to push you around in your wheelchair when you desired to propel yourself.

(*Id*. at 1-2).

In Part I of the letter, the EEOC stated that, with respect to allegation numbers 1, 3, 8, and 9 of Plaintiff's EEOC Complaint, those claims were being dismissed for failure to state a claim. Part I also stated that allegation numbers 4 through 7 were being dismissed as untimely and would not be investigated. (*Id*. at 2). In Part II of the letter, the EEOC stated as follows regarding the allegations set forth in Paragraph 2 of Plaintiff's EEOC Complaint:

      With respect to allegation number 2 in which you allege that you were discriminated against based on your disability (physical) when you learned in early December 2010, through a DEA broadcast message, that you were not selected for the position of Administrative Officer, GS-0341-14, advertised under Vacancy Announcement Number F-DEA-DT-10-0781, has been accepted for investigation.

(*Id*. at 3). The letter did not state that Plaintiff failed to exhaust his administrative remedies as to this claim.

During the investigative stage, EEO/DEA Complaints Program Manager Darryl Hines

sent Plaintiff an e-mail suggesting that his Complaint was not timely filed and asking for an explanation from Plaintiff. (*See* 11/23/11 E-mail, Ex. B to Def.'s Br.). In responding to that e-mail, Plaintiff stated, among other things, that "My records depict the DATE OF FIRST CONTACT WITH EEO OFFICE: 01/27/2011." (*See* 11/25/11 E-mail, Ex. B. to Def.'s Br.) (Capital letters used in original).

After Defendant accepted and investigated Plaintiff's Complaint, Plaintiff requested a hearing with the EEOC administrative court. (Lord Decl. at ¶ 12).

At the May 9, 2013, hearing in this action, Counsel for Plaintiff confirmed that Plaintiff withdrew his complaint and, therefore, there was no final agency decision as to the claim that was accepted and investigated by Defendant.

## ANALYSIS

**I.     Plaintiff Failed To Exhaust His Administrative Remedies By Not Contacting An EEO Counselor Within 45 Days Of The Challenged Action**

Defendant's motion asserts that the Court should dismiss Plaintiff's Complaint because Plaintiff has not exhausted his administrative remedies. Specifically, Defendant contends that Plaintiff did not contact an EEO counselor within 45 days of the alleged discriminatory action. Defendant notes that the alleged adverse action that forms the basis for both counts of Plaintiff's Complaint in this action is Plaintiff's non-selection for promotion to the position of Administrative Officer. Defendant contends that another applicant was selected for the position at issue on November 19, 2010. (Def.'s Br. at 3; Ex. A to Def.'s Br.). Defendant contends that because Plaintiff "did not contact an EEO Counselor about his allegations of discrimination until January 27, 2011, which was more than 45 days after the alleged discrimination occurred," he

has failed to exhaust his administrative remedies and the complaint must be dismissed.

In response, Plaintiff makes two arguments. First, he asserts that he did contact an EEO Counselor within the required 45-day period. Second, he asserts that even if he did not do so, Defendant has waived the ability to challenge timeliness.

As to the timeliness argument, Plaintiff states that the announcement regarding who received the position at issue was not posted until December 6, 2010. (Pl.'s Br. at 7). Plaintiff claims that he did contact an EEO Counselor within 45 days of learning that someone else received the position at issue. In support of his assertions, Plaintiff submits his own Declaration. That Declaration states, in pertinent part, that:

1) on some unspecified date in "early December 2010," he learned he was not selected for the position at issue and that Lori Stadler was selected (Pl.'s Decl. at ¶ 6);

2) within an unspecified number of days of that unspecified date in December of 2010, on which he learned he was not selected, Plaintiff states "I contacted Detroit counselor Pamela Phoenix and conducted several discussions with her about the non-selection and my belief that I have been the subject of illegal discrimination." He states that these "conversations occurred on unspecified dates in December of 2010 and January of 2011. (Pl.'s Decl. at ¶ 7).

3) Plaintiff states it was very easy for me to conduct these "discussions with EEO counselor Phoenix since her office was located right next to my office. In fact I have had many discussions with EEO counselor Phoenix since late 2010 up through the filing of the formal complaint regarding the non-selection to the administrative officer position and many other EEO matters that I believed to be discrimination. It is very clear that I contacted an EEO counselor as required within 45 days of the matter that I alleged to be discriminatory." (Pl.'s Decl. at ¶ 7).

4) Plaintiff states that he also had conversations with "ASAC Durrel Hope," on some unspecified date that was "very shortly after" the unspecified date on which he learned he did not get the position and "expressed to him my belief that my non-selection was due to illegal discrimination against me."

7

>> (Pl.'s Decl. at ¶ 7).

(Pl.'s Decl., attached to Pl.'s Br.).

In his Reply Brief, Defendant notes that although the Career Board made its selection for the position on November 19, 2010, Plaintiff notes that the selection was posted in a December 6, 2010, announcement. Defendant asserts that, even using that date as the trigger date, Plaintiff would have until January 20, 2011 to initiate contact with an EEO Counselor. But documents authored by Plaintiff – his EEOC Complaint and his email message to Hines – both state that his initial contact with an EEO Counselor was on January 27, 2011. Defendant also contends that Plaintiff's Declaration is legally insufficient to avoid summary judgment. The Court agrees.

"In order to satisfy the prerequisites of an employment discrimination action under Title VII, a plaintiff must timely exhaust his administrative remedies." *Johnson v. Cohen*, 6 Fed. App'x 308, 311 (6th Cir. 2001) (citing *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)). "Pursuant to EEOC regulations applicable to employees of federal government agencies, an employee who believes he has been discriminated against must consult an EEO counselor prior to filing a complaint in order to try to informally resolve the matter. *See* 29 C.F.R. § 1614.105(a)." *Johnson,* 6 Fed. App'x at 311. "More specifically, '[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.'" 29 C.F.R. §1614.105(a)(1)." *Id*.

Here, the parties agree that because he is an employee of a federal agency, Plaintiff had to initiate contact with an EEO counselor within 45 days. The dispute is whether or not he did so.

In *Johnson*, the Sixth Circuit explained what it means to initiate contact with an EEO

8

counselor. *Johnson, supra*, at 311. In that case the court explained that "[t]he EEOC has set out what it requires to "initiate contact" with an EEO counselor:

> The EEOC has held that in order to "initiate contact" an employee must (1) contact an agency official logically connected with the EEO process, even if that official is not an EEO counselor; (2) exhibit an intent to begin the EEO process; and (3) and allege that an incident in question is based on discrimination.

*Id.* (citing *Pauling v. Secretary of the Dep't of Interior*, 960 F.Supp. 793, 803 (S.D. N.Y. 1997)).

No genuine issue of fact is established by Plaintiff's Declaration because in it Plaintiff does not allege all of the required elements. Specifically, Plaintiff never expressed an intent to begin the EEO process in conversations prior to January 27, 2011, (Phoenix Declaration at ¶ 12-14), and Plaintiff fails to allege in his affidavit that he did.

Unless Plaintiff can establish that he exhibited an intent to begin the EEO process in a conversation with Phoenix[1] prior to January 20, 2011, then he failed to exhaust his administrative remedies. Plaintiff's Declaration does not state that he told Phoenix he wanted to begin the EEO process. And the Declaration contains only assertions regarding unspecified dates. Thus, the Declaration is insufficient to establish that Plaintiff initiated contact with an EEO counselor within 45 days of hearing of his non-selection. This is especially so considering that Plaintiff has twice affirmatively asserted that his first contact with an EEO counselor was on January 27,

---

[1]Plaintiff's Declaration states that he also had conversations with Special Agent in Charge "ASAC Durrel Hope," on some unspecified date that was "very shortly after" the unspecified date on which he learned he did not get the position and "expressed to him my belief that my non-selection was due to illegal discrimination against me." (Pl.'s Decl. at ¶ 7). Plaintiff has offered evidence, however, to establish how Hope could be deemed to be "an agency official logically connected with the EEO process," in light of Phoenix's Declaration stating that she and another person named Fred Woodward are the only EEO counselors who serve the Detroit Field Division Office. (Phoenix Decl. at ¶ 3). In addition, Plaintiff's Declaration does not state that Plaintiff told Agent Hope that he wanted to begin the EEO process.

2011. Plaintiff has therefore not exhausted his administrative remedies.

## II.     Defendant Did Not Waive The 45-Day Requirement

Plaintiff's second argument in opposition to the pending motion is that Defendant waived the 45-day requirement when it accepted his non-selection claim and proceeded to investigate it.

Because it is undisputed that the Agency did not decide the merits of Plaintiff's non-selection claim, this argument fails under Sixth Circuit authority on the issue. *See Horton v. Potter*, 269 F.3d 906, 911 (6th Cir. 2004) ("We hold that the Postal Service did not waive the defense of an untimely request for counseling merely by receiving and investigating [Plaintiff's] complaint of discrimination").

In a subsequent case, *Momah*, the Sixth Circuit nevertheless "recognized that waiver would occur 'when the agency decides the complaint on the merits without addressing the untimeliness defense.'" *Momah v. Dominguez*, 239 Fed.App'x 114, 121 (6th Cir. 2007). In that case, the Court found the defense waived where the agency decided the merits of the complaint without raising the timeliness defense:

> Here, although the EEO addressed the untimeliness defense with respect to three of the five claims in Momah's formal complaint, it decided the merits of Momah's denial of transfer claim. Later, in its Final Action the agency affirmed the untimeliness determinations as to three of the five claims, but again decided Momah's denial of transfer claim on the merits. It was only in support of its motion to dismiss Momah's federal complaint that the EEOC asserted that the denial of transfer claim was untimely. In these circumstances we conclude that the agency waived any timeliness objection, and therefore Momah's denial of transfer claim is properly before us.

*Momah*, 239 Fed.App'x at 121.

Because it is undisputed that the Agency did not decide the merits of Plaintiff's non-selection claim, Defendant did not waive the untimeliness issue under existing Sixth Circuit

10

precedent.

## CONCLUSION & ORDER

For the reasons set forth below, IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: May 14, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 14, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy<br>
Case Manager